INTERNATIONAL FOOD COMPANY, Appellant, *v.* ELIZABETH BICKERD, Respondent.

*Sale of goods — defense that the order therefor was obtained by false representations — failure to deliver an article falsely represented to be included in the sale — counter-claim for freight paid.*

An answer, interposed in an action to recover for goods sold and delivered to the defendant under an order given by her husband as her agent, after alleging as a defense that the order was procured by the fraud of the plaintiff's agent in falsely representing to the defendant's husband, who was unable to read, that it contained an agreement on the part of the plaintiff to deliver to the defendant with the goods a wagon worth $125, further alleged as an "answer and defense" that the action could not be maintained as the plaintiff had never delivered the wagon.

The answer also set up a counterclaim for money paid to the plaintiff's agent for freight on the goods ordered.

*Held,* that the failure to deliver the wagon did not constitute a defense; as, if the order was void, the defendant had no right to the wagon, and if it was not void, it contained no provision requiring the delivery of the wagon;

That the counterclaim was demurrable, as, if the order was valid, the defendant was not entitled to recover the money paid for freight, and if it was void or voidable, she could not recover it in the absence of an allegation in the counter-claim that she refused to accept the goods or had returned them.

APPEAL by the plaintiff, the International Food Company, from an interlocutory judgment of the Columbia County Court, entered in the office of the clerk of the county of Columbia on the 23d day of February, 1899, overruling its demurrer to the counterclaim contained in the amended answer.

*John L. Crandell,* for the appellant.

*George K. Daley,* for the respondent.

LANDON, J. :

The complaint is for the recovery of $113, upon account of two tons of "International Stock Food" sold and delivered by the plaintiff, upon the written order of the defendant, to the defendant at the agreed price of $8.50 per 100 pounds, the said sum being due according to the terms of the order.

The answer in its second defense denies the making of the written order, and alleges that the defendant "repudiates said contract in whole and in part." For a third defense it alleges that the order was procured by fraud.

It does not deny the delivery of the goods, nor allege an offer to return them. It alleges that the defendant's husband notified the plaintiff for defendant that she would not accept them, and this was perhaps intended as an allegation of a refusal to accept them.

The fraud alleged in the third defense is to the effect that the defendant's husband acted as her agent, but was unable to read, and that the plaintiff's agent induced him to give the written order by reading the same as if there was written therein the plaintiff's agreement to deliver to the defendant with said food a wagon worth $125 to be used by defendant, and to become her property upon her payment in full for the "food" ordered, whereas the same was not written therein.

The fourth "answer and defense" to which the plaintiff demurs states "that if said contract or order was ever executed at all by defendant's said husband, that plaintiff ought not to have or maintain this action" because the plaintiff never delivered the wagon to the defendant, as therein he agreed, to the defendant's damage $125. As the written contract upon which the plaintiff seeks to recover is silent as to the wagon, and as the defendant does not seek to reform the contract by inserting therein the provision respecting the wagon or claim damages because of its non-delivery, but repudiates the contract altogether, the non-delivery of the wagon is not a breach of the contract as written, or as the defendant asks to have it reformed. The wagon, under the whole pleading, serves no other purpose than to show the fraud by which defendant was induced to make the contract. If defendant shows the fraud the contract is void, unless the defendant has ratified it, and if it is void, that ends her right to the wagon; if it is not void, she never had any right to

the wagon. The fourth answer does not constitute any defense to the complaint.

The fifth answer alleges as a counterclaim that defendant's husband in good faith, relying upon the false representations and reading of the plaintiff's agent as previously set forth, on April 1, 1897, paid as agreed in said written contract to the station agent, at Mellenville, $47.50, the money of defendant, as and for the freight on said food, and the defendant "asks to have allowed her the said sum of $47.50 with interest."

If the written contract is valid, the defendant is not entitled to this allowance; if the contract was procured by means of the fraudulent representations of the plaintiff's agent, then it is void or voidable; it would be void if defendant refused to accept the food and so notified the plaintiff in due time; or, having received it, restored or offered seasonably to restore it to the plaintiff. That any of these facts exist, the fifth answer or any other part of it does not state, and, therefore, no counterclaim is stated.

The interlocutory judgment should be reversed, with costs, and judgment directed for the plaintiff on the demurrer, with costs, with usual leave to the defendant to amend her answer upon payment of costs.

All concurred.

Judgment reversed, with costs, demurrer sustained, with costs, with leave to defendant to answer over within twenty days after service of a copy of this order, upon payment of such costs.